# CRITCHLEY, KINUM & DENOIA, LLC
ATTORNEYS AT LAW
75 LIVINGSTON AVENUE - SUITE 303
ROSELAND, NEW JERSEY 07068

MICHAEL CRITCHLEY
MICHAEL CRITCHLEY, JR.
CHRISTOPHER W. KINUM
EDMUND DeNOIA
AMY LURIA

CHRISTOPHER L. FOX

(973) 422 - 9200

FAX: (973) 422 - 9700
web site: www.critchleylaw.com

September 10, 2020

**Via ECF**
Hon. Cathy L. Waldor, U.S.M.J.
United States District Court – District of NJ
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

*Re: United States v. John Perna, et al. (20-555)(KM)(CLW)*

Dear Judge Waldor:

We write to seek modification of Mr. Manzo's conditions of bail such that he be permitted to travel to the State of New York without first seeking permission from Pre-Trial Services. Mr. Manzo, who is in the catering business, does a great deal of catering work in New York, including for clients such as Memorial Sloan Kettering and Staten Island University Hospital. In addition, Mr. Manzo has an ownership interest in several properties located in New York, and, prior to his arrest, Mr. Manzo sought medical treatment from his cardiologist in New York. Because Mr. Manzo does not pose a flight risk, nor a danger to others, we respectfully ask that the Court modify his bail conditions.

To date, Mr. Manzo has complied with all terms of his release, including providing Pre-Trial Services with further information regarding his finances to the satisfaction of Pre-Trial Services, as well as submitting to a home check. Accordingly, Andrew Dziopia, Mr. Manzo's Pre-Trial Services Officer, has indicated that he does not have any objection the modification of bail conditions sought by Mr. Manzo. Unfortunately, the Government has advised that it objects.

The Bail Reform Act requires courts to release defendants "subject to the ***least restrictive*** . . . condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B) (emphasis added). Moreover, the Excessive Bail Clause of the Eighth Amendment prohibits conditions of release that are "excessive 'in light of the perceived evil.'" *See United States v. Gardner*, 525 F.Supp.2d 1025, 1029 (N.D.C.A. 2007) (quoting *United States v. Salerno*, 481 U.S. 739, 754 (1987)).

With regard to Mr. Manzo's request to be able to travel to New York without first seeking permission from Pre-Trial Services, the Government has not articulated any belief that

-2-

Mr. Manzo's ability to travel to New York will pose a safety risk to any person or the community, nor has the Government articulated a belief that Mr. Manzo is a flight risk. Instead, the Government advises that it objects to the modification sought by Mr. Manzo, and will continue to do so until Mr. Manzo provides the Government with further materials/information regarding his finances or authorizes pre-trial services to provide the Government with the further materials/information Mr. Manzo provided to pre-trial services regarding his finances.

In its insistence that Mr. Manzo provide the Government with further information regarding his finances, the Government fails to articulate why it needs such information, since there is no dispute that Mr. Manzo is not a flight risk. Moreover, the Government forgets that 18 U.S.C. § 3153(c) makes clear that the only information to which the Government is entitled is that contained within the "pretrial services report." 18 U.S.C. § 3153(c).

More importantly, through the discovery provided to date, including search warrant application materials, it has become clear that the Government has been investigating Mr. Manzo for alleged tax violations. In light of this revelation, and the Government's failure to articulate why it needs further information from Mr. Manzo regarding his finances as it relates to a determination as to whether Mr. Manzo should be able to travel to New York, Mr. Manzo is skeptical of the Government's motive in seeking further financial information from Mr. Manzo. *See* 18 U.S.C. § 3153(c) ("information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential").

Accordingly, Mr. Manzo respectfully requests that the Court order modification of Mr. Manzo's bail conditions to include travel to New York without first seeking permission from Pre-Trial Services.

We thank Your Honor for Your Honor's time and attention to this matter.

                                                    Respectfully,

                                                    *Michael Critchley*
                                                    Michael Critchley