

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Kendall Randolph*
*Special Assistant U.S. Attorney*

*970 Broad Street, Newark, NJ  07102 Suite 700*
*(973) 645-3659*

October 2, 2020

Honorable Cathy L. Waldor
Federal Magistrate Court Judge
Martin Luther King Building
Walnut Street
Newark, New Jersey 07102

<u>U.S. v Thomas Manzo</u> (Crim. No. 20-555)

Dear Judge Waldor:

Please accept this letter as the Government's response to the defendant's letter seeking bail modifications submitted on September 10, 2020.

<p align="center">**BACKGROUND**</p>

The defendant Thomas Manzo (hereinafter the "Defendant" and "Manzo") was charged by Indictment on June 26, 2020, with one count of committing a violent crime in aid of racketeering activity in violation of  18 U.S.C. §  1959(a)(3), one count of conspiracy to commit a violent crime in aid of racketeering activity in violation of 18 U.S.C. §  1959(a)(6), and one count of falsifying and concealing records related to a federal investigation in violation of 18 U.S.C. §  1519. The Defendant was arrested on June 30, 2020 and appeared before this Court for an initial appearance.  On this date, the government consented to the release of the Defendant on conditions of pretrial supervision, which included restrictions on Defendant's travel to the District of New Jersey.  During the preparation of the pretrial services report on this date, the Defendant refused to provide information pertaining to his employment and finances and, in turn, such information was absent on the pretrial services report that was presented to the government prior to Manzo's initial appearance. Nevertheless, the government did not seek the defendant's detention but did request that such employment and financial information be provided to both pretrial services and the government thereafter. This Court ordered the defendant to do just that

The Defendant now seeks a modification to his bail conditions, such that he be permitted to freely travel to and from the State of New York. Yet, in response to the government's request for the purpose of the travel the defense's

<p align="center">1</p>

response is simply "catering work" and "medical appointments".   Certainly, the government has no objection to an occasional medical appointment, which can be verified and authorized, by providing the location and medical professional. Unlimited travel for that purpose is clearly unwarranted, unless Mr. Manzo can establish the routine necessity.   Similarly, if the Defendant has work related travel that requires routine personal appearances in New York, instead of by video or teleconference, then again the government has no objection to such, upon a simple, informed, authorization by pretrial services.   Otherwise, the government cannot consent to the sweeping modification of the Defendant's conditions of release with the current cryptic information.

## GOVERNMENT'S POSITION

### The Government simply requests additional information

Briefly, under the Bail Reform Act, the Court "shall order the pretrial release" of a defendant "unless the judicial officer determines that such release will not reasonably assure the appearance" of the defendant. 18 U.S.C. § 3142(b). In assessing whether "there are conditions of release that will reasonably assure the appearance of the person" at trial, the Court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children or by force, fraud, or coercion], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2) the weight of the evidence against the person; [and]

> (3) the history and characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, <u>employment</u>, <u>financial resources</u>, length of residence in the community, community ties, <u>past conduct</u>, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

18 U.S.C. § 3142(g) (emphasis added). If the Court finds "that no condition or combination of conditions of release will reasonably assure" the defendant's presence at trial, it "shall order the detention of the person before trial." *Id.* § 3142(e)(1).

Additionally, it is true that 18 U.S.C. § 3153(c) sets forth the uses of information contained in the pretrial services report.  So as to be certain that the government has not forgotten, as the defendant asserts, the text of this subsection is as follows:

2

> Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential. Each pretrial services report shall be made available to the attorney for the accused and the attorney for the Government.

18 U.S.C. § 3153(c). The purpose of the confidentiality of this information is "in order to promote candor and truthfulness in bail interviews by the defendant." *See United States v. Stevens*, 935 F.2d 1380, at 1394 (3d Cir. 1991). Here, the Defendant did not exhibit candor in his interview with pretrial services on June 30, 2020. In fact, it is now fair for the government to conclude that the Defendant has strategically withheld information from pretrial services on that day in order to avoid providing the government with any information regarding his employment and finances. The Defendant asserts that he is "skeptical of Government's motive in seeking further financial information from Mr. Manzo." See Dkt # 23, at 2. In essence, the Defendant suggests to the Court that by asking for what we are entitled to via the pretrial service report, our intentions are dishonest and unprofessional. The Defendant further asserts that this skepticism emanates from his understanding that the government has been investigating Manzo for alleged tax violations. Id.

To be clear, the government is well aware of 18 U.S.C. § 3153(c), as noted above. Further, the government does not seek information regarding Manzo's employment and finances for the purpose of further investigating Manzo on tax violations, nor does it seek detailed information as to the defendant's desire to travel to the State of New York for unwarranted purposes. Rather, the government simply seeks such information as is routinely provided in pretrial services reports, for the very reasons now being presented to the court. Should Manzo seek to travel for business purposes, then the government's requests information as to what businesses and what purposes apply. Manzo faces a significant term of incarceration and the government seeks to ensure that there exist conditions of release that will reasonably assure his appearance at trial; and of course, that Defendant is not now committing any federal, state or local crimes.

While the Defendant has been overly vague regarding matters that necessitate his presence in New York, the Defendant has admittedly provided slightly more specific information to the Court. The Defendant has alleged his presence in New York is needed for 1) seeking medical treatment from his cardiologist in New York; (2) conducting catering business for clients such as Memorial Sloan Kettering and Staten Island University Hospital; (3) representing his ownership interest in several properties located in New York. While medical issues are paramount in any circumstance, curiously, at the initial appearance Defendant declared, under penalty of perjury, that he was in good health. Now the Defendant asserts a pressing need to see a cardiologist in person. The

3

government is left to question whether this condition was preexisting or merely offered to elevate his mundane business travel needs to an urgent level in order to persuade the Court.

While the Defendant continues to refuse to provide information with respect to his employment and finances, the government cannot attest to the sincerity of his multiple requests.   The government will certainly consent to travel to New York for a specific and necessary medical appointment. Interestingly, due to the global pandemic caused by COVID-19, many medical providers are conducting tele-health appointments rather than in-person appointments.   However, if there is a specific medical need for an in-person medical appointment in New York, the government will consent to as many appointments are necessary.

Furthermore, the Defendant is correct in his assertion that the government has not previously set forth the belief that Defendant is a flight risk. However, since his initial appearance, the Defendant has made it clear that he has no intention of disclosing his financial and employment information as directed by this Court.   This triggers the Government's skepticism about Manzo's intent to abide by the conditions of release.

Based on the above, the government respectfully requests that the Court deny the Defendant's request, without prejudice, for modification to the conditions of bail.   Additionally, the government respectfully asks the Court to direct the Defendant to provide more candid and detailed information as to nature of his true employment circumstances and finances, as well as the specific reasons why unlimited travel to the State of New York is appropriate and necessary.

<div style="margin-left: 40%;">

Respectfully submitted,
Craig Carpenito
United States Attorney

s/ Kendall Randolph

By:   Kendall Randolph
Special Assistant U.S. Attorney
V. Grady O'Malley
Senior Litigation Counsel

</div>

cc: Michael Critchley, Esq.
*Counsel for Defendant*