UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Kevin McNulty |
| v. | : |
| THOMAS MANZO | : Criminal No. 20-555 |

**<u>PROTECTIVE ORDER</u>**

This matter having come before the Court on the joint application of the United States, by Rachael A. Honig, Acting United States Attorney (V. Grady O'Malley and Kendall Randolph, Assistant U.S. Attorneys, appearing), and defendant Thomas Manzo (Michael Critchley, Esq. and Amy Luria, Esq., appearing) for a protective order for pre-trial proceedings in the above-captioned criminal matter (the "Protective Order"), pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, the defendant is charged in a three-count Indictment with one count of committing a violent crime in aid of racketeering activity, in violation of Title 18, United States Code, Section 1959(a)(3), and Title 18, United States Code, Section 2, one count of conspiracy to commit a violent crime in aid of racketeering activity, in violation of Title 18, United States Code, Section 1959(a)(6), and Title 18, United States Code, Section 2 and one count of falsifying and concealing records related to a federal investigation, in violation of Title 18, United States Code, Section 1519;

WHEREAS, the parties seek an Order protecting from disclosure to the public any documents, the information contained therein, and other information provided by the Government to the defendant and his counsel of record during the course of this criminal litigation, including any documents or other information provided in compliance with the Government's disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, <u>Brady v. Maryland</u>, <u>United States v. Giglio</u>, and any discovery scheduling orders the Court enters (hereinafter, the "Materials"); and

WHEREAS, the parties have agreed that the procedure to regulate the disclosure and use of the Materials will not impede the defendant's ability to prepare for his defense in this case but merely will protect against the improper dissemination or use of the Materials.

Therefore, IT IS HEREBY STIPULATED AND AGREED that the following provisions shall govern the handling of the Materials during pre-trial proceedings in this case:

1.      In addition to making the Materials available to the defense for inspection, review, and copying, the Government is authorized to provide defense counsel with their own copy of the Materials to facilitate preparation for trial.

2.      Access to the Materials will be restricted to personnel authorized by the Court, namely, the defendant and defense counsel of record in this case and counsel's associated attorneys, paralegals, investigators, experts (retained

pursuant to a written retainer agreement, by the defendant and/or defense counsel in connection with the criminal case), secretaries employed by counsel of record and performing services on behalf of the defendant (hereinafter the "Defense Trial Team"), prospective witnesses (to the extent deemed necessary by defense counsel, for trial preparation), e-discovery vendors hired by defense counsel, and such other persons as hereafter may be authorized by the Government or the Court upon motion by the defendant.  The Materials may not be given for an indefinite period to, or remain in the custody of, persons outside the ambit of the Defense Trial Team.

    3.    The following restrictions will be placed on the above-designated individuals unless further ordered by the Court.  The above-designated individuals shall not:

    a.    Duplicate the Materials for, or allow copies of any kind to be made by, any other person, or allow the Materials to be otherwise disseminated, except that the defendant may retain copies of the Materials;

    b.    Allow any other person to read, view or possess the Materials; or

    c.    Use the Materials for any purpose other than preparing to defend against the charges in this case.  However, the Defense Trial Team may utilize any paper materials that the Federal Government has ever identified as having been obtained/seized from The Brownstone, and any information

      regarding same, to defend against the charges in <u>State v. Manzo</u> (Superseding Indictment No. 21-05-00281-I, Docket/Case No. 19001760).

4. Defense counsel shall advise any person to whom the Materials are disclosed that such information should be held in strict confidence and that further disclosure or dissemination is prohibited without defense counsel's express consent.

5. The defendant and defense counsel may not disclose the Materials to any person not identified in paragraph 3 above unless the defendant and/or defense counsel make a written request to the Government for an exception to these restrictions, and such a request is granted. If such exceptions are refused by the Government, the defendant and defense counsel may seek relief from the Court.

6. Counsel for the defendant shall store the Materials in a secure place and shall use reasonable care to ensure that the Materials are not disclosed or disseminated to any third party in violation of this Protective Order. In the event of any inadvertent disclosure of the Materials, counsel for the defendant shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Materials and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Materials.

7. The restrictions set forth herein shall not restrict the use or introduction as evidence of the Materials during the trial in this matter.

8.  This stipulation is binding on all future and successor counsel, and applies to any Materials disclosed to the defense prior to the date this Protective Order is entered.

9.  The defendant and defense counsel agree that they have no ownership or proprietary interest in the Materials subject to the present Order.

**Form and entry consented to**:


_____
V. GRADY O'MALLEY
KENDALL RANDOLPH
Assistant U.S. Attorneys


/s/ Amy Luria
_____
AMY LURIA, ESQ.
MICHAEL CRITCHLEY
Counsel for Defendant Thomas Manzo

## ORDER

IT IS SO ORDERED this 5th day of November, 2021:

/s/ Kevin McNulty
_____
HON. KEVIN MCNULTY
United States District Judge

5